(Seneca County Court of Common Pleas.)

### WILLIAM F. BENNEHOFF et al. v. HENRY MANSFIELD, Treas., etc., et al.

*Repeal of law by implication.*—Repeals by implication are not favored in law; and such repeal will not be recognized unless the repugnancy between the prior and subsequent acts of legislation be necessary or obvious and so great that the two cannot be reconciled by any fair course of reasoning.

*Special act making certain township an independent road district—Will not exempt township from tax levied by County Commissioners for road purposes.*—A special act was passed by the legislature, making Thompson township, in Seneca county, an independent road district for macademizing, working, repairing, etc., the roads therein, independent from the operation of existing laws relating to the improvement of roads, and of all other laws not consistent with its provisions. The county commissioners afterwards levied a tax for road purposes on all the property of the county, including Thompson township. An injunction was asked to restrain the commissioners from collecting such tax from the property of Thompson township. Held, that such special act was not so inconsistent with the general law empowering the county commissioners to levy this tax on all the property of the county, including Thompson township, as to operate as an amendment of the general law, and exempt Thompson township from its provisions. If it did, such special act would be unconstitutional.

(Decided Dec. 29, 1894.)

SCHAUFELBERGER, J.

The plaintiffs, William F. Bennehoff, Amos Decker and Joseph Engler, bring this action for themselves, and on behalf of all the taxpayers of Thompson township. Seneca county, and say in their petition in substance that they are residents of and taxpayers of said Thompson township; that by the act of the general assembly of Ohio, passed April 25, 1891, said Thompson township is made a separate and independent road district, for the purpose of macadamizing, working, repairing and improving the roads and highways in said township, independent and free from taxation for the improvement of roads and highways in any other part of said Seneca county, and free from the operation of existing laws relating to the improvmeent of roads and highways, and all other laws not consistent with the provisions of said act; that the trustees of said Thompson township, in pursuance of said act, have annually levied a tax upon the taxable property therein for the purpose of improving the roads and highways thereof; that the tax so levied and collected has been turned over to said township as provided for in said act; that the trustees and road commissioners of said township have expended large sums of money in carrying out the objects and provisions of said act; that the board of commissioners of said county, on the 15th day of June, 1894, duly made a levy of fourteen-twentieths (14-20) of a mill upon each dollar of valuation of taxable property in Seneca county, including said Thompson township, for the purpose of macadamizing, working, repairing and improving the roads and highways in said county generally; that said levy so made by the county commissioners upon the taxable property of Thompson township is unlawful; and that the defendant, Henry Mansfield, as treasurer of said county, threatens and is about to enforce the collection of said tax, so unlawfully levied, to the irreparable injury of the taxpayers of said Thompson township.

The plaintiffs pray that the said county treasurer be enjoined from collecting or attempting to collect from the taxpayers of Thompson township the said tax of fourteen-twentieths (14-20) of a mill so levied by the county commissioners for road purposes, and for other relief.

To this petition the defendants, Henry Mansfield, treasurer of Seneca county, and the commissioners of Seneca county, have filed a general de-

murrer, and also a motion to dissolve the temporary injunction heretofore granted, for the reason that the facts stated in the petition do not entitle the plaintiffs to the relief prayed for, and the case has been submitted upon the petition, demurrer and motion.

The only question thus presented for the consideration of the court, so far as this case is concerned, is whether the act entitled "An act to create a special road district in Seneca county" passed April 25, 1891 (88 Ohio L. 865), as amended May 21, 1894 (91 Ohio L. 833,) takes from the commissioners of Seneca county the right to levy a tax for road purposes upon the taxable property of Thompson township, or whether it is simply intended to confer upon that township powers relating to the improvement of roads within its limits, not enjoyed by the other townships of Seneca county or the state generally, and, as incidental thereto, the right to levy additional taxes to carry out the provisions of said act. If this special act does take from the commissioners of Seneca county such right, then it must have the force and effect of repealing or amending to that extent sec. 2824 and 4919, of the Revised Statutes, from which the commissioners derive their authority to levy taxes for road purposes.

Sec. 2824, Rev. Stat., provides that "the commissioners, at their March or June session, annually, may levy on each dollar of valuation of taxable property within their county for road and bridge purposes, as follows:" etc.

Sec. 4919, Rev. Stat., authorizes the county commissioners to make a levy of not to exceed five mills on the dollar, upon all taxable property of the county, for the construction, re-construction and repair of roads within the county," etc.

If this special act does not repeal or amend these sections to the extent of exempting Thompson township from the authority thereby conferred upon the county commissioners, then the levy in question, duly made by the commissioners, is as valid and binding upon the taxable property of Thompson township as upon that of the other townships of the county, and the temporary injunction should be dissolved. On the other hand, if said special act does so repeal or amend said sections, then said levy, so far as Thompson township is concerned, is not valid, and the temporary injunction should be made perpetual.

Prior, statutes may be repealed or amended by subsequent statutes either by express words to that effect, or by implication. The special act in question does not repeal or amend either sec. 2824 or sec. 4919, both of which are prior enactments, by express words—hence if it does repeal or amend either of said sections, it must be by implication.

"An amendment which does not change the original law, but merely adds something to it, is not a repeal thereof." (Endlich on Interpretation of Statutes, sec. 195.)

Repeal by implication is not favored. The courts of this country, as well as of England, have uniformly followed the rule that to work a repeal of a prior statute by a subsequent one, the latter must be so inconsistent with, and repugnant to the former, as to be irreconcilable by any fair course of reasoning.

"To give an act the effect of repealing an earlier law, the implication of an intention to repeal must necessarily flow from the language used, disclosing a repugnancy between its provisions and those of the earlier law as oppositive as to be irreconcilable by any fair, strict or liberal construction of it, which would without destroying its evident intent and meaning, find for it a reasonable field of operation, preserving, at the same time, the force of the earlier law, and construing both together in harmony with the whole course of legislation upon the subject." Endlich on Interpretation of Statutes, sec. 210.)

In the case of Ludlow v. Johnson, 3 Ohio, 553, the court say: "When the provisions of two statutes are so far inconsistent with each other that both cannot be enforced, the latter must prevail; but if by any fair course of reasoning the two can be reconciled, both shall stand. When the legislature intends to repeal a statute, we may, as a general rule, expect them to do it in express terms. No court will, if it can consistently be avoided, determine that a statute is repealed by implication."

In Cass v. Dillon, 2 Ohio St. 611, Judge Thurman says: "As repeals by implication are not favored, the repugnancy between the provisions of two statutes must be clear and so contrary to each other that they cannot be reconciled, in order to make the latter operate a repeal of the former."

In Robbins v. State, 8 Ohio St. 131, the court, on page 191 say: "As repeals by implication are not favored, a subsequent affirmative statute does not repeal a prior statute unless there be a conflict between the two which is direct and irreconcilable upon any recognized rule of statutory construction."

In Buckingham v. Steubenville, 10 Ohio St. 25, the court say: "Repeals by implication are not favored in law; and such repeal will not be recognized unless the repugnancy between the prior or subsequent acts of legislation be necessary or obvious and so great that the two cannot be reconciled by any fair course of reasoning."

Applying the foregoing rules to this case, can it be said that the special act in question works a repeal of sec. 2824 and 4919 so far as they affect Thompson township? In maintaining that it does the plaintiffs rely upon section 1 of that act, which reads as follows:

"Be it enacted by the general assembly of the state of Ohio, that the township of Thompson, in Seneca county, be and the same is hereby constituted and made a separate and independent road district for the purpose of macadamizing, working, repairing and improving the roads and highways in said township as herein set forth, and for no other purpose, independent of and free from the operation of existing laws relating to the improvement of roads and highways, and of all other laws not consistent or in harmony with the provisions of this act."

Sec. 2 of said act provides that after the year 1891 no road supervisors shall be elected as theretofore.

Sec. 3 provides for the election, qualification and per diem of a road commissioner for said township and the appointment of deputy road commissioners.

Sec. 4 provides the manner of working out poll tax under said act.

Sec. 5 authorizes the township trustees of said township to improve the roads therein, to levy taxes therefor, and provides the manner of paying such taxes.

Sec. 6 authorizes the purchase by the trustees of necessary implements, materials, etc.

Sep. 7 provides the manner of making road improvements, and the road commissioners' duties in that respect.

Sec. 8 provides for a submission of the act to the electors of the township for their approval or rejection.

The only material change made by the amendment of May 21, 1894 (91 Ohio L. 883) is to reduce the levy authorized in sec. 5, from three to two mills on the dollar.

It will be observed that no part of this special act is inconsistent with or repugnant to sections 2824 or 4919, unless it be the latter part of sec. 1, which provides that Thompson township shall be "independent of and free from the operation of existing laws relating to the improvement

Vol. 2—17*

of roads and highways and of all other laws not consistent or in harmony with the provisions of this act."

It will be observed also that the other sections of this special act effect material changes in the general statutes relating to road work. They practically abolish road districts; abolish the office of road supervisor; create the office of road commissioner; provide for the appointment of deputy road commissioners; impose new duties upon the township trustees, and invest them with additional powers. None of these changes are inconsistent with sections 2824 or 4919. All of them are inconsistent with the chapter of general laws relating to supervisors and road work, and to the laws providing the manner of managing, repairing constructing and improving roads.

To what "existing laws" then does the exempting clause in sec. 1 of the special act refer? The question is answered by the very words that follow, "existing laws relating to the improvement of roads and highways." Sections 2824 and 4919, be it remembered, confer authority on the county commissioners to levy taxes for road purposes, to be expended under their direction; the special act in question introduces into Thompson township a new system for working and improving the roads and highways therein, altogether different from that provided for in the general laws and prevailing in other townships. Sections 2824 and 4919 are directed to the county authorities; the special act in question is directed to the township authorities—where the repugnancy or inconsistency? Are they "so contrary to each other that they cannot be reconciled" by any "fair course of reasoning," or "mode of interpretation?" Manifestly not. On the contrary, whether a fair, liberal or strict construction be given to the words constituting the exempting clause in sec. 13 of this special act, it clearly appears that the legislature by the use of said words did not intend to effect by implication a repeal or amendment of sections 2824 or 4919, and thereby relieve the taxpayers of Thompson township from the obligations of paying such taxes as the county commissioners might see fit to levy thereunder, but did intend to exempt that township from the operation of such laws then existing as imposed the supervisor and road district system upon all the townships of the state, and such other laws relating to the manner of improving and repairing roads as might conflict with the provisions of said special act. And this still more clearly appears from the following provision in sec. 5 of said special act: "And for the purpose of making the improvement hereby authorized, said township trustees, including the tax for roads now authorized, are authorized to levy and assess, annually, a tax not to exceed three mills on the dollar, on all the taxable property of said township."

If Thompson township was by said special act made free and independent from existing laws authorizing taxes to be levied for road purposes, why the necessity of inserting in the above provision the words "including the tax for roads now authorized." If Thompson township was by said special act exempted from such laws, there could be no such tax.

There being, therefore, no such inconsistency or repugnancy between this special act in question and the prior general laws as embodied in sections 2824 and 4919, as would, "without destroying its evident and meaning," prevent for it "a reasonable field of operation," "preserving, at the same time, the force of these earlier laws," it follows that there can be no repeal of any of the provisions of said sections by implication, and there being no repeal by express words, both sections are in full force, and the tax leived by the county commimioners in pursuance of these sections is as valid and binding upon all the taxpayers of Thompson township as those of any other township of the county, and the tax levied by the trustees of

Thompson township, under this special act, does not exclude, but is additional to that levied by the county commisioners.

But let us suppose that the construction given to this special act is wrong. Suppose that it be so construed as to be repugnant to and wholly inconsistent with sections 2824 and 4919. If so repugnant and inconsistent as to be irreconcilable with the two former sections, then the legislature must have intended that this special act should work a repeal of these two sections so far as Thompson township is concerned. Such a repeal is equivalent to an amendment to these two sections, exempting Thompson township by express words from their provisions. What would be the effect? It must be remembered that these sections, 2824 and 4919, provide for the levy of a county tax by the county commissioners. If by amendment Thompson township is exempted from the provisions of these sections, then such amendment is in direct conflict with sec. 2, art. XII, of the constitution of this state, which provides that "Laws shall be passed taxing by a uniform rule," etc.

Our Supreme Court, in Bank v. Hines, 3 Ohio St. 15, have construed the words "by uniform rule," as meaning by one and the same unvarying standard, requiring uniformity not only in the rate of taxation, but also in the mode of the assessment upon the taxable valuation. Uniformity in taxing implies equality in the burden of taxation. And the court further says, "the uniformity must be co-extensive with the territory to which it applies. If a state tax it must be uniform over all the state; if a county, town or city tax, it must be uniform throughout the extent of the territory to which it is applicable."

Hence, if the construction of this special act as claimed by counsel for plaintiffs be correct; if this act exempts Thompson township from the provisions of sections 2824 and 4919, then we would have a county tax, not levied by a uniform rule, not uniform over all the county, but extending to only fourteen of the fifteen townships composing the county. Hence this special act, if it exempts Thompson township from the provisions of sections 2824 and 4919, is to the extent of such exemption unconstitutional and void.

Again, if it be true, as contended by counsel for plaintiffs, that this special act in question operates by implication in the nature of an amendment exempting Thompson township from the provisions of sections 2824 and 4919, then the special act is also in violation of sec. 26, art. I, of the constitution of this state, which provides that "all laws of a general nature shall have a uniform operation throughout the state," etc.

Both sections 2824 and 4919 are general laws, and under this clause of the constitution must have a uniform operation throughout the state.

By the act in question it is sought to exempt the residents and taxpayers of Thompson township from the operation of these sections. While the county commissioners, under sec. 4919, are charged with the duty of repairing the roads in Seneca county, including Thompson township; this act, if the plaintiff's construction be correct, exempts the taxpayers of that township from the burden of contributing to such repairs, thus conferring special privileges upon Thompson township and its taxpayers, and imposing additional burdens upon the other taxpayers of Seneca county. This would have the effect of destroying the uniform operation of sections 2824 and 4919, and, therefore, to the extent that this special act operates, if at all, as an amendment exempting Thompson township from the provisions of sections 2824 and 4919, it is unconstitutional and void.

Again: Sec. 2, art. XII. of our constitution enumerates the subjects of taxation which may, by general laws, be exempted from taxation, viz: "burying grounds, public school houses, houses used exclusively for public

worship, institutions of purely public charity, public property used exclusively for any public purpose, and personal property to an amount not exceeding in value $200 for each individual." It follows that no subject of taxation not so enumerated can be exempted from taxation, nor can such exemption be made by special act. Neither Thompson township nor its taxpayers are enumerated as proper subjects for exemption from taxation, nor can the act in question entitled "an act to create a special road district in Seneca county," be called a general law. Hence, if it be true that the act in question exempts Thompson township, to any extent, from taxation, it is to such extent unconstitutional and void.

For the foregoing reasons, the demurrer to the petition will be sustained, the temporary injunction dissolved, the petition dismissed, and judgment entered against the plaintiffs for costs.

J. C. Royer, for plaintiffs.

Geo. E. Schroth, for defendants.

---

(Franklin Couny Court of Common Pleas.)